**In re DUKE & BENEDICT, INC.:
David R. Kittay, Plaintiff–
Appellant,**

v.

**Peter D. Leibowits Company, Inc., Centennial Golf Club of New York, LLC, Benedict Dairy Farms, Defendants–
Appellees,**

# 610

**Duke & Benedict, Inc., Debtor.**

**Docket No. 02–5006.**

United States Court of Appeals,
Second Circuit.

Oct. 9, 2002.

Judith L. Siegel, Kittay & Gershfeld, P.C. (David R. Kittay, of counsel), Tarrytown, New York City, for Appellant.

Allan M. Pepper, Kaye Scholer LLP (Michael J. Crames, Howard Kleinhendler, of counsel), New York City, for Appellee.

Present MESKILL, and SACK, Circuit Judges, and MURTHA,\* District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of December 28, 2001 be, and it hereby is, AFFIRMED.

Appellant, trustee of a bankrupt debtor, appeals from an order of the District Court granting summary judgment for the defendants in an action alleging that a 1996 agreement involving the conveyance of land was a constructive fraudulent conveyance under 11 U.S.C. § 548. The parties stipulated to all elements of constructive fraudulent conveyance except whether reasonably equivalent value was received for the land.

In the transaction at issue, Peter D. Leibowits Company Inc. ("Leibowits"), the defendant, acquired a fee simple interest in land previously under title held by the debtor, Duke & Benedict Inc. During the same transaction, the parties terminated rights existing under a 1994 joint venture agreement to develop the land, settled a lawsuit outstanding between them, and Duke & Benedict received from Leibowits $2.25 million.

Under the 1994 agreement, Duke & Benedict had agreed to convey 457 acres of land to a new LLC if Leibowits would design a golf course for the land and obtain appropriate development approvals. Duke & Benedict was to receive 25% of the proceeds from the LLC, and 25% of any future sale value of the land, while Leibowits was to retain the remainder.

At oral argument before the Bankruptcy Court, the appellant conceded that prior to the 1996 agreement: 1) The 1994 agreement was valid and enforceable between the parties; 2) Leibowits had performed under it, at great expense, fulfilling all conditions precedent to Duke & Benedict's obligation; 3) Duke & Benedict was obligated to convey the land to a new LLC; 4) Duke & Benedict was entitled to no more than 25% of the profits generated by the golf course and 25% of its sale value; 5)Duke & Benedict received more than 25% of the land's total value as a fully improved golf course; and 6) That there were no triable issues of fact other than minor details of the valuations presented by the parties.

Based on the concessions made at oral argument, the Bankruptcy Court concluded that the only "interest of the debtor" Duke & Benedict had to sell in 1996 was a 25% interest in the land. The District Court, agreeing with the Bankruptcy

---

\* Of the United States District Court for the District of Vermont, sitting by designation.

Court, found that the only "interest of the debtor" possessed by Duke & Benedict as of the 1996 agreement was a 25% interest in the joint venture between the parties.

Appellant contests the characterization of the interest it sold as equity in a common law joint venture. Under any reasonable characterization, the result is the same. Whether the "interest of the debtor" conveyed was an equitable interest in vacant land best used as a golf course, equity in a common law joint venture formed to develop and operate the same golf course, or a contractual right to receive a percentage of the future profits and eventual sale value of the golf course, none could be worth more than the land as a fully improved operating golf course. However characterized, Duke & Benedict sold 25% of a future golf course. The conceded consideration, $2.25 million, is greater than 25% of the value claimed by the trustee for the fully improved golf course. Having received, by its own admissions, reasonably equivalent value for the interest sold, no material fact remains at issue and no constructive fraudulent conveyance occurred.

For substantially the reasons stated by the Bankruptcy Court and District Court, the judgment of the District Court is hereby AFFIRMED.